**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CARRIE J. HALE MCCOIN, | No. 09-35560 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-01171-CL |
| v. | |
| MARVIN FICKLE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted June 8, 2010
Portland, Oregon

Before: FERNANDEZ, McKEOWN and PAEZ, Circuit Judges.

Carrie Hale McCoin[1] appeals the district court's denial of her petition for a

writ of habeas corpus, claiming ineffective assistance of counsel at trial. McCoin

was found guilty except for insanity of two counts of Assault in the Second Degree

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1] Although Petitioner uses her married name, McCoin, in the post-conviction
proceedings, she used her maiden name, Hale, in her state court proceedings.

and one count of Burglary in the First Degree. McCoin argues that her trial counsel was ineffective because he (1) failed to call Gus Willemin to testify as a witness on her behalf and (2) entered a defense of guilty except for insanity without McCoin's permission. The post-conviction court and the federal district court rejected McCoin's petition on the merits, and McCoin appeals. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

First, McCoin's counsel testified that he did not call Willemin at trial because his testimony would have been "cumulative and less effective" than the testimony of witness for the defense Deputy Brown. Indeed, Deputy Brown observed the bruises on McCoin's entire body shortly after the incident in question, and she wrote down her observations as part of her regular duties when conducting a visual, unclothed exam. Although Willemin also claims to have observed McCoin's bruises, he could only have seen the bruises visible while McCoin was dressed and it is unclear if he was relying on memory alone. Under these circumstances, McCoin failed to rebut the presumption that her counsel's decision not to call Willemin at trial was "sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Because McCoin cannot show deficient performance by her counsel in failing to call Willemin as a witness, the district court properly denied habeas relief on this

2

claim.  *See id.* at 697 (holding that a court need not examine the prejudice suffered by defendant due to alleged deficiencies if defendant makes an insufficient showing that counsel's performance was deficient and vice versa).

Second, McCoin's counsel testified that, although McCoin pled not guilty, she authorized him to raise a fall-back defense of guilty except for insanity.  The post-conviction court found McCoin's counsel to be credible, and McCoin failed to present evidence that the post-conviction court's finding was objectively unreasonable.  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  We therefore affirm the denial of habeas relief on this claim.

AFFIRMED.